**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kendel Vance Jensen and Amber Jensen,<br><br>Plaintiffs,<br><br>v.<br><br>Kelley Douglas, et al.,<br><br>Defendants. | No. CV-07-8119-PCT-SMM<br><br>**ORDER** |

Before the Court are Plaintiffs' Motion for Reconsideration and to Set Aside Default Judgment ("Motion for Reconsideration") (Dkt. 7), and Motion to Extend Time of Service ("Motion to Extend") (Dkt. 9). The Court will deny these motions for reasons stated below.

Plaintiffs filed the complaint in this matter on November 9, 2007. (Dkt. 1.) The deadline for serving a summons and copy of the complaint was therefore March 7, 2008. Fed. R. Civ. P. 4(m). Plaintiffs were reminded of the 120-day time limit by the Court's Standard Civil Track Initial Order. (Dkt. 3, Order dated Jan. 11, 2008.) No return or waiver of service having been filed, the Court issued an order to show cause why the case should not be dismissed pursuant to Rule 4(m). (Dkt. 4, Order dated Apr. 16, 2008.) Defendant Brett Harris filed an Answer on April 28, 2008. (Dkt. 5.)

1　　　　Plaintiffs did not appear at the Show Cause hearing held on May 12, 2008, and the
2　Court therefore dismissed all defendants who had not been served.  (Dkt. 6, Minute Entry
3　dated May 12, 2008.)  The Court set a second Show Cause hearing for May 28, 2008, at
4　which Plaintiffs were to show cause why the case should not be dismissed as against
5　Defendant Harris for failure to prosecute.  (Id.)  Plaintiffs then appeared at the second
6　Show Cause hearing and directed the Court's attention to the Motion for Reconsideration
7　and Motion to Extend filed the day before and the day of the second Show Cause hearing,
8　respectively.  (See Dkts. 7, 9.)

9　　　　The Motion for Reconsideration addresses the Court's dismissal of all non-served
10　defendants.  Plaintiffs state that the address the Court had on file for Plaintiffs is no
11　longer their personal residence but a rental property.  (Dkt. 7 at 1-2.)  Therefore Plaintiffs
12　did not receive notice of the first Show Cause hearing.  (Id. at 2.)  Plaintiffs assert that
13　this failure constitutes mistake or excusable neglect.  (Id.)  Plaintiffs further assert that
14　their case has merit, that there is no evidence of lack of diligence on Plaintiffs' part, and
15　that Plaintiffs have diligently attempted to ascertain the identities of the Doe defendants.
16　(Id.)

17　　　　The Motion to Extend addresses Plaintiffs' failure to effect service within the 120-
18　day deadline of Rule 4(m).  Plaintiffs assert that the service deadline must be extended
19　pursuant to Rule 4(m) for good cause, or, in the alternative, that the Court exercise its
20　discretion and grant an extension.  Under good cause, Plaintiffs assert that dilatory tactics
21　on the part of defendants have prevented Plaintiffs from ascertaining the identities of the
22　Doe defendants.  (Dkt. 9 at 2-3.)  Plaintiffs' Motion to Extend references exhibits as
23　providing "examples of delays and circumstances faced by Plaintiffs."  (Id. at 3.)  No
24　exhibits are attached to the Motion to Extend.  However, the exhibits appear not to
25　involve actions by any Doe defendants, but rather Plaintiffs' unsuccessful attempts to
26　obtain files from their former counsel that could be used to identify the Doe defendants.
27　(See id. at 3.)
28

The circumstances described by Plaintiffs do not constitute good cause for the requested relief.  As to the Motion for Reconsideration, unrepresented parties bear the responsibility for providing the Court with an accurate mailing address.  LRCiv 83.3(d). Plaintiffs neglected this responsibility for over six months, during which no action was taken in this matter.  More importantly, both the Motion for Reconsideration and Motion to Extend fail to address why Plaintiffs did not serve Defendants whose identities were known.  The Complaint names as defendants Kelley Douglas, Donna Goodman, Tonya Burger, Barbara Johnson, Lori Pratt, Patricia Treshbach and Brent Harris, Doe defendants whose official capacities–but not names—were known, as well as other Doe defendants. Alleged dilatory conduct by Doe defendants—of which no evidence is cited or provided[1]—would not have prevented Plaintiffs from serving Defendants whose identities were known.  Plaintiffs have therefore failed to show good cause as to why <u>no Defendant</u> was served for over five months.

The Court also declines to exercise its discretion and extend the deadline for service.  Plaintiffs assert that this action would be barred by the statute of limitations, a factor which would favor Plaintiffs.  But Plaintiffs fail to state the applicable limitations period, when that period began running, and when that period ended.  (<u>See</u> Dkt. 9 at 5-6.) Plaintiffs also refer to dilatory tactics on the part of Defendants—again with no evidence of such tactics—and the importance of the case as reasons for extending the deadline for service.  Again, lacking in the Motion to Extend is an explanation of why Plaintiffs failed to serve the named and known Defendants within 180 days, let alone the 120 days required under Rule 4(m).  The Court therefore declines to extend the deadline for service.

The Court will therefore deny both of Plaintiffs' motions.  All non-served Defendants shall remain dismissed.  As Defendant Harris apparently waived defenses

---

[1] Plaintiffs' former counsel are not named as Defendants in this matter.

- 3 -

1  based on service (Dkt. 5, Answer 2:1-3), this matter will go forward as against Defendant
2  Harris.  Accordingly,
3      **IT IS HEREBY ORDERED** denying Plaintiffs' Motion for Reconsideration and
4  to Set Aside Default Judgment (Dkt. 7).
5      **IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Extend Time of
6  Service (Dkt. 9).
7      DATED this 7th day of July, 2008.

Stephen M. McNamee
United States District Judge