**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendel Jensen, et al., ) | No. CV-07-8119-PCT-SMM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| ) | |
| Kelley Douglas, et al., ) | |
| ) | |
| Defendants. ) | |

  Before the Court are Defendant Brent Harris's ("Defendant") Motion to Dismiss (Dkt. 15) and Plaintiffs' Motion for Extension of Time to File Responses to Rule 12 Motion(s) and Reply Memorandum and Motion to Stay Discovery ("Motion for Extension") (Dkt. 22). Defendant's motion will be stricken with leave to refile, and Plaintiff's motion granted in part and denied in part.

  A. <u>Motion to Dismiss</u>

  Defendant's Motion to Dismiss will be stricken for failure to comply with the Federal Rules of Civil Procedure. Defendant seeks relief under Federal Rules 9(b), 12(b)(6), 12(c), and 12(e), and alludes to Rule 56. As several of these rules are inapplicable to the current posture of the case, the Court will strike the Motion to Dismiss with leave to refile.

  A party alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). The text of Rule 9 does not contain a

1  basis for a dismissal fo a complaint for failure to satisfy Rule 9(b), and Defendant does
2  not cite any authority that such dismissal is appropriate.
3       A motion to dismiss under Rule 12(b)(6) "must be made before pleading if a
4  responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  An answer to a complaint is a
5  responsive pleading.  Fed. R. Civ. P. 7(a)(2).  Defendant filed an answer to the complaint
6  in this matter on April 28, 2007.  (Dkt. 5.)  Relief under Rule 12(b)(6) is therefore
7  foreclosed.  Defendant's request for relief under Rule 12(e) is foreclosed for the same
8  reason.  Fed. R. Civ. P. 12(e) ("The motion must be made before filing a responsive
9  pleading.")
10      The defense of failure to state a claim may be raised by a motion for judgment on
11 the pleadings under Rule 12(c).  Fed. R. Civ. P. 12(h)(2).  A party may move for
12 judgment on the pleadings after the pleadings are closed.  Fed. R. Civ. P. 12(c).  Relief
13 under Rule 12(c) is therefore not foreclosed.  However, as Rule 12(c) is only one of
14 several purported bases for Defendant's request, several of which are currently
15 unavailable, the Court will strike Defendant's motion with leave to refile.  To avoid any
16 further delay in this matter, Defendant shall be required to file a renewed motion for
17 judgment on the pleadings by September 15, 2008.
18      B.     <u>Response in Opposition</u>
19      The request for an extension of time to respond to Defendant's Rule 12 motions is
20 denied.  First, the Rule 12(e) Motion for a More Definite Statement has been denied,
21 therefore rendering Plaintiffs' request moot as to the Rule 12(e) motion.  (<u>See</u> Dkt. 26,
22 Order dated Sept. 4, 2008.)  As to Defendant's Motion to Dismiss (Dkt. 15), the striking
23 of that motion renders Plaintiffs' request moot.  The Court notes that Plaintiffs' request
24 fails to comply with Local Rule 7.3(b), which requires a party moving for an extension of
25 time to state the position of each other party, or to state why their efforts to determine the
26
27
28

position of any other party were unsuccessful.  LRCiv 7.3(b).[1]

C. "Reply Memorandum"

The request for extension of time to "file their Reply Memorandum in response to the Defendant's Memorandum of Points and Authorities" will also be denied.  First, Plaintiffs will be filing a responsive memorandum, not a "reply memorandum."  LRCiv 7.2(c), (d).  Reply memoranda are the province of the moving party, not the non-moving party.  Second, Plaintiffs' responsive memorandum and Plaintiffs' opposition to Defendant's motion are one and the same.  See LRCiv 7.2(c).

D. Discovery

The request for a stay of discovery will be granted.  Defendant has served Plaintiffs with Requests for Admission, Requests for Production, and Uniform Contract Interrogatories.  (See Dkts. 16, 18.)  "A party *may not seek discovery* from any source *before the parties have conferred* as required by [Federal] Rule [of Civil Procedure] 26(f)," except in situations not applicable here.  Fed. R. Civ. P. 26(d)(1).  Defendant's discovery requests violated of the discovery stay already imposed by Federal Rule 26(d).  The Court will therefore grant Plaintiffs' request for stay of discovery.

E. Preliminary Pretrial Conference

As mentioned, Defendant will be permitted to file a renewed motion for judgment on the pleadings.  Therefore the Court will vacate the Preliminary Pretrial Conference currently set for September 15, 2008.  The Court will set a new date for a Preliminary Pretrial Conference if this matter is not disposed of on the pleadings.

//
//
//
//

---

[1] The Rules of Practice of the United States District Court for the District of Arizona are referred to as the "Local Rules" and are cited as "LRCiv." The Federal Rules of Civil Procedure are referred to as the "Rules" or "Federal Rules" and are cited as Fed. R. Civ. P.

    Accordingly,

    **IT IS HEREBY ORDERED** striking Defendant's Motion to Dismiss (Dkt. 15) with leave to refile on or before **September 15, 2008.**

    **IT IS FURTHER ORDERED** granting in part Plaintiffs' Motion (Dkt. 22) to the extent it requests a stay of discovery.

    **IT IS FURTHER ORDERED** denying the balance of Plaintiffs' Motion (Dkt. 22).

    **IT IS FURTHER ORDERED** vacating the Preliminary Pretrial Conference set for September 15, 2008.

    DATED this 4th day of September, 2008.

_____
Stephen M. McNamee
United States District Judge