**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendel Vance Jensen, et al., ) | No. CV-07-8119-PCT-SMM |
| Plaintiffs, ) | **ORDER** |
| v. ) | |
| Kelley Douglas, et al., ) | |
| Defendants. ) | |

Before the Court is Defendant Brent Harris's Renewed Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 29), which Plaintiffs responded to (Dkt. 31). Defendant did not reply. Also before the Court is Plaintiffs' Motion for Discovery and Evidentiary Hearing (Dkt. 34). Defendant's motion will be granted, thereby rendering moot Plaintiffs' motion.

**BACKGROUND**

Plaintiffs brought this civil rights action under 42 U.S.C. § 1983 alleging violations of their rights under the Fourth and Fourteenth Amendments. Plaintiffs are the parents and natural guardians of four minor children. Their allegations stem from the events preceding and following a report of child abuse made to Child Protective Services ("CPS") on October 27, 2005. Defendant was the court appointed counsel for the mother, Plaintiff Amber Jensen, during dependency proceedings in Coconino County. Defendant is the only remaining defendant; all other defendants have been dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Dkt. 6). Defendant answered the complaint (Dkt. 5), and therefore he waived any claim regarding defective service (Dkt. 6). On September 5, 2008, the Court

struck Defendant's motion to dismiss with leave to refile a motion for judgment on the pleadings (Dkt. 28). The Court also stayed discovery and vacated a scheduling conference (Id.). On September 12, 2008, Defendant renewed his motion for judgment on the pleadings (Dkt. 29).

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007) (quoting Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999)).

**DISCUSSION**

Defendant argues that Plaintiff made only three allegations against him in the Complaint, none of which indicate any illegality or create any cause of action under Section 1983 (Dkt. 29, 1:17-19). Plaintiff made these three allegations against Defendant:

> 53) Petitioner AJ went to the Preliminary Protective Hearing, was late for the meeting due to short notice, and asked the court appointed Counsel for a copy of the entire case file. Brent Harris said that he could not give me a copy of the file. I then asked to look at the file. Brent Harris refused. He told me to have my new attorney go over it with me.
> 54) Petitioner AJ told Brent Harris that she could not help defend herself if she did not have access to the case files. As we were discussing this, the AGA, Patricia ??? came out to the hallway of the Prescott Courthouse and gave Brent Harris a copy of the allegations, she also had him have me sign that I had received this document.
> 56) Petitioner AJ felt like she was at an ex-parte hearing that she had to attend or else lose her rights. I was told by the Judge and Brent Harris that if I didn't come to the hearings I could lose my rights to my children.

(Dkt. 1, Compl. ¶¶ 53-56). Furthermore, in his Answer, Defendant alleged that he was not a government actor subject to liability under Section 1983 (Dkt. 5, 3:1-3).

Plaintiffs respond that although their pleading "may not have correct verbiage[, the] Complaint did provide Defendant Harris with the basis that he needed to mount a defense against this action, thus meeting the legal requirement to advance this action to trial" (Dkt. 31, 1:24-26). Plaintiffs allege that Defendant is a state actor either because the state

- 2 -

effectively controlled his actions or he acted as an instrument or agent of the state (Id. at 3:18-24). Therefore, Plaintiffs contend that Defendant violated their various constitutional rights under the first amendment, sixth amendment (effective assistance of counsel), and fourteenth amendment due process (Id. at 3:25-4:28). Plaintiffs further contend that Defendant is liable under Section 1983 for abuse of process, conspiracy, and breach of fiduciary duty (Id. at 5:1-6:28). However, Plaintiffs did not plead many of these claims in their Complaint as they only pleaded violations of the Fourth and Fourteenth Amendments.

### A.     Section 1983's Requirement for Action under Color of State Law

In order to prevail on a Section 1983 claim against Defendant, Plaintiffs must prove (1) Defendant acted under color of state law and (2) Defendant's acts deprived Plaintiffs of their particular rights under the United States Constitution. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). A person acts "under color of law" when the person acts in the performance of official duties under any state, county, or municipal law. Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996); McDade v. West, 223 F.3d 1135, 1139-40 (9th Cir. 2000). "While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" Kirtley, 326 F.3d at 1092 (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

The Supreme Court has held that a court-appointed public defender "does not act under color of state law when performing pure advocacy functions." Id. at 1093 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County, 454 U.S. at 318. A defense lawyer does not act on behalf of the state or in concert with it, but rather advances "the undivided interests of his client," which is essentially a private function. Id. at 318-19.

In their Complaint, Plaintiffs named as Defendant Brent Harris, a "Court Appointed Attorney For the Mother, Amber 'Roe,' Coconino County, Flagstaff, Arizona" (Dkt. 1). Defendant represented Plaintiff Amber Jensen at the Preliminary Protective Hearing (Dkt.

- 3 -

1, ¶ 53). Defendant was akin to a public defender, who "does not act under color of state law when performing pure advocacy functions." See Kirtley, 326 F.3d at 1092 (affirming the district court's dismissal of plaintiff's Section 1983 claim against various participants in a state child custody proceeding, including plaintiff's own attorney, because they were not agents acting under color of state law). Furthermore, as a court-appointed attorney, Defendant did not act on behalf on behalf of the state or in concert with it, but rather advanced Plaintiff Amber Jensen's interests. Polk County, 454 U.S. at 318-19; see Kirtley, 326 F.3d at 1096 (holding that even a guardian ad litem, who does not represent a client but serves as an independent source of information for the court, is not a state actor).

All of Plaintiff's allegations against Defendant relate to his pure advocacy functions. Even if taken as true, Plaintiff has simply alleged that Defendant did not provide her with a copy of the entire case file at the time she requested it, Defendant asked her to sign a form acknowledging she received a copy of the allegations against her, and Defendant warned her that a failure to attend hearings could result in the loss of her rights to her children. Plaintiff has made no allegations that demonstrate Defendant acted under color of state law by his representation of her. See Polk County, 454 U.S. at 318. Because Defendant is not a state actor, Plaintiffs cannot proceed in their Section 1983 claim against him and Defendant is entitled to judgment as a matter of law. Ventress, 486 F.3d at 1114. As this case will be dismissed, Plaintiffs' Motion for Discovery and Evidentiary Hearing (Dkt. 34) is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Renewed Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Discovery and Evidentiary Hearing (Dkt. 34) is **DENIED as moot**.

///
///
///
///

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**. The Clerk of Court shall enter judgment accordingly.

DATED this 23rd day of April, 2009.

Stephen M. McNamee
United States District Judge